119 F.3d 5
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BOISE CASCADE CORPORATION, a Delaware corporation, Plaintiff-Appellee,
v.
ASSOCIATION OF WESTERN PULP AND PAPER WORKERS, LOCAL 69, a
labor organization, Defendant-Appellant.
 Nos. 96-35338, CV-95-0300-WFN.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 9, 1997
Decided July 17, 1997.
 
 Appeal from the United States District Court for the Eastern District of Washington, No. 96-35338; Wm. Fremming Nielsen, District Judge, Presiding. Before: REAVLEY,** O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Association of Western Pulp and Paper Workers, Local 69, ("Local 69") appeals the district court's grant of summary judgment vacating, pursuant to 29 U.S.C. § 185, an arbitrator's award which had ordered the Boise Cascade Corporation ("Boise Cascade") to place Michael Pherigo in the position of Fire Chief at Boise Cascade's mill in Wallula, Washington, pursuant to a collective bargaining agreement ("CBA"). We have jurisdiction under 28 U.S.C. § 1391, and we affirm.
 
 
 3
 Local 69 argues that the district court erred in vacating the arbitration award because (1) the award constitutes at least a "plausible" interpretation of § 20.B.7 of the CBA and (2) the arbitrator based his award upon his interpretation and construction of the parties' agreement and not, as the district court concluded, upon other sources. These arguments are unavailing for several reasons. First, § 20.B.7 states that "an employee will not be allowed to refuse promotion, with the following exceptions...." Its scope is limited to progression ladder positions and applies only to an employee who "is unable to perform the duties of the next higher job...." § 20.B.7(a)(1). Except in limited circumstances, an individual in a progression ladder position may not decline a promotion. Section 20.B.7 sets forth one of those circumstances--medical reasons. Because the Fire Chief's position is not on the progression ladder, the provision does not apply in this case. Second, the language of § 20.B.7 is also inapplicable to Pherigo because Boise Cascade did not offer him a promotion. Pherigo did not wish to refuse the Fire Chief job; instead, he sought it and asserted that Boise Cascade was wrong to have disqualified him. In reaching his conclusion, the arbitrator himself acknowledged that Boise Cascade was correct to point out that § 20.B.7 did not apply. He states in material part:
 
 
 4
 In reaching this conclusion, I am mindful of the company's argument that the "freezing" language does not apply under the facts of this case because the Fire Chief job was never offered to the grievant and thus he never refused the promotion. This argument is true as far as it goes. However, it is also true that the intent of this provision is to provide seniority protection to individuals who would have been offered the promotion but for their temporary disability. This, of course, was precisely Mr. Pherigo's situation.
 
 
 5
 (ER 51-52.) Notwithstanding his reference to Paragraph 39 and his construction of it, the arbitrator seems to have based his decision on his own personal view of the intent of the parties and not on an interpretation and construction of the CBA itself; the arbitrator cited no past practice, prior arbitral decision, or bargaining history to support his determination of intent.
 
 
 6
 Finally, § 20.B.7(b) states that "[n]o other reason for freezing shall be recognized except by mutual agreement of the Union and Employer Standing Committee." (ER 65.) Because no such mutual agreement was ever reached, Boise Cascade is under no obligation to allow Pherigo to whom no promotion has been offered to freeze himself in his current position and then to permit him to "bump" the person actually selected for the promotion.
 
 
 7
 We agree with the district court that the arbitration award must be set aside because (1) the award does not "draw its essence from the collective bargaining agreement" and (2) the arbitrator was dispensing "his own brand of industrial justice." Van Waters & Rogers, Inc. v. International Bhd. of Teamsters, 56 F.3d 1132, 1135 (9th Cir.1995) (internal citation omitted).
 
 
 8
 AFFIRMED.
 
 
 
 **
 Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3